**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **JIMMY C.K. DEAN, JR.,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-0156-Y |
| § | |
| **DOUGLAS DRETKE, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Jimmy C.K. Dean Jr., TDCJ-ID #01090956, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.     PROCEDURAL HISTORY**

On March 15, 2002, Dean pleaded guilty to burglary of a habitation, Case No. 0782324D, and injury to a child, Case No. 0797337D, and true to enhancement and habitual allegations in the 371st District Court of Tarrant County, Texas, and was sentenced to forty-five years' confinement in each case, the sentences to run concurrently. (1State Habeas R. at 27; 2State Habeas R. at 26.)[1] The Second District Court of Appeals of Texas affirmed the trial court's judgments on August 14, 2003. *Dean v. Texas*, Nos. 2-02-087-CR & 2-02-089-CR, slip op. (Tex. App.– Fort Worth Aug. 14, 2003) (not designated for publication). Dean's petitions for discretionary review were refused by the Texas Court of Criminal Appeals on January 14, 2004. *Dean v. Texas*, PDR Nos. 1599-03 & 1600-03. Dean did not seek writ of certiorari. (Petition at 2.) On November 8, 2004, Dean filed two state applications for writ of habeas corpus, one for each conviction, which were denied without written order by the Texas Court of Criminal Appeals on June 15, 2005. *Ex parte Dean*, Application Nos. 60,682-01 & 60,682-02. Dean filed this federal petition on February 18, 2006, in which he raises various claims challenging his 2002 convictions on substantive grounds. As ordered, Dretke has filed a preliminary response addressing only the issue of limitations, to which Dean has filed a reply.

**D.     STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

---

[1] "1State Habeas R." refers to the court record of Dean's state habeas Application No. 60,682-01, and "2State Habeas R." refers to the court record of his state habeas Application No. 60,682-02.

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Dean challenges his underlying criminal convictions, subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Dean's convictions became final and the one-year limitations period began to run upon expiration of the time that Dean had for seeking certiorari in the United States Supreme Court on April 13, 2004, and closed on April 13, 2005, absent any tolling.  *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.  Dean's state habeas applications, filed

on November 8, 2004, tolled the limitations period 219 days, making Dean's federal petition due on or before November 18, 2005.  28 U.S.C. § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in rare and exceptional circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  In his reply, Dean insinuates that his late-filing should be excused because of his past hospitalizations and the inability to possess any personal or legal materials while hospitalized.  (Pet'r Reply at 1-2.)  However, he has not supplied any proof or details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner.  *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003).  Therefore, equitable tolling is not justified.

Dean's petition was due on or before November 18, 2005; thus, his petition filed on February 18, 2006, is untimely.

## II.  RECOMMENDATION

It is therefore recommended that this petition for writ of habeas corpus be dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2).

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until May 9, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 9, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 18, 2006.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE